On Appeal from the Board of Veterans’ Appeals.
HAGEL, Judge:
Before the Court is Robert L. McGee’s appeal from a February 12, 2004, Board of Veterans’ Appeals (Board) decision in which the Board denied him an effective date earlier than April 15,1999, for a grant of service connection for sarcoidosis with chronic obstructive pulmonary disease. The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review the February 2004 Board decision. Because, for reasons provided herein, we hold that 10 U.S.C. § 1218 is not an “applicable provision[ ] of law” within the meaning of 38 U.S.C. § 7104(a), we will affirm the decision on appeal.
I. FACTS
Mr. McGee served on active duty in the U.S. Marine Corps from May 1968 to September 1970. In August 1970, he was referred to a physical evaluation board with a diagnosis of “sarcoidosis, associated with a severe restrictive ventilatory defect.” Record (R.) at 30. The physical evaluation board found him unfit to perform his duties because of physical disability. In September 1970, he was separated from service and placed on the temporary disability retired list.
In April 1999, Mr. McGee sent VA a letter in which he asserted that he was service-connected for a lung disability— rated 30% disabling — and that his lungs were bothering him again. R. at 56. In February 2001, a VA regional office awarded him service connection for sarcoi-dosis and assigned that condition a 30% disability rating, effective July 17, 2000. The regional office increased that disability rating to 60% in an August 2001 decision, and assigned Mr. McGee a rating of total disability based on individual unem-ployability. Mr. McGee appealed that decision on the basis that he is entitled to an earlier effective date for his service-connected sarcoidosis. In June 2002, the regional office informed him that the Febru *474 ary 2001 regional office decision was the product of clear and unmistakable error and that April 15, 1999, was the proper effective date for the award of service connection for sarcoidosis. See R. at 215-16. That decision was premised on the fact that the claim for an increased disability rating was filed within one year of the mailing to Mr. McGee of a VA claim form in response to his April 1999 letter. R. at 216. Mr. McGee appealed that decision on the basis that he is entitled to an effective date earlier than April 15, 1999. That issue reached the Board and was the subject of the February 2004 decision now on appeal.
In that decision, the Board denied Mr. McGee an effective date prior to April 15, 1999, for service connection for sarcoidosis. In so doing, the Board concluded that “there is no evidence of VA receipt of a written claim, formal or informal, for service connection for sarcoidosis ... until April 15,1999.” R. at 4.
On appeal, Mr. McGee raises a single argument — that “[t]he Board erred in failing to consider or apply 10 U.S.C. § 1218.” Appellant’s Brief (Br.) at 1. In particular, he contends that that statute operates to create a presumption that he filed a claim for VA benefits for his lung condition “when he was released from active duty in 1970.” Id. at 3. In support of that argument, he asserts that “the benefit of the doubt rule mandates that the VA find ... that [he] signed an application for benefits.” Id. at 6. He asks the Court to vacate the decision on appeal and to grant him an earlier effective date or to remand the case to the Board for readjudication under 10 U.S.C. § 1218. Id. at 7.
In response, the Secretary asserts that the Court should not consider Mr. McGee’s argument because he never raised it before VA. See Secretary’s Br. at 6-10. If the Court should address Mr. McGee’s argument, the Secretary contends that the Board had no obligation to consider 10 U.S.C. § 1218, because that statute pertains to the propriety of military discharges, and the proper forum for considering an alleged violation of that statute is the U.S. Court of Federal Claims. Thus, he argues that VA “has no ... responsibility to apply the laws regarding military discharges when determining the effective date of a claim.” Id. at 13.
II. ANALYSIS
A Board determination of the proper effective date is a finding of fact. See Hanson v. Brown, 9 Vet.App. 29, 32 (1996). The Court reviews Board factfinding under the “clearly erroneous” standard of review. 38 U.S.C. § 7261(a)(4); see Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990). Under 38 U.S.C. § 5110, “[u]nless specifically provided otherwise ..., the effective date of an award based on an original claim ... or a claim for increase! ] of compensation ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” See 38 C.F.R. § 3.400 (2005). In addition, in rendering its decision, pursuant to 38 U.S.C. § 7104, the Board is obligated to consider “applicable provisions of law and regulation” and include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record. 38 U.S.C. § 7104(a), (d); see Allday v. Brown, 7 Vet.App. 517, 527 (1995).
Here, Mr. McGee argues that the Board violated section 7104(a) by failing to consider and apply 10 U.S.C. § 1218, which he contends is an applicable law. See Appellant’s Br. at 7. That statute provides, in pertinent part, as follows:
(a) A member of an armed force may not be discharged or released from ac *475 tive duty because of physical disability until he—
(1) has made a claim for compensation, pension, or hospitalization, to be filed with the Department of Veterans Affairs, or has refused to make such a claim; or
(2) has signed a statement that his right to make such a claim has been explained to him, or has refused to sign such a statement.
10 U.S.C. § 1218(a).[1] As explained below, we find Mr. McGee’s contention unpersuasive and conclude that 10 U.S.C. § 1218 is not an applicable provision of law within the meaning of 38-U.S.C. § 7104(a) and that, as a consequence, the Board did not err in failing to consider that provision of law.
Section 1218, by its terms, is directed towards military officials and presents certain requirements that must be satisfied prior to a servicemember’s discharge from the U.S. Armed Forces — it does not place any obligation upon the Secretary of Veterans Affairs. A violation of that provision of law might result in an improper discharge from the military and subsequent entitlement to military pay, which could be properly challenged by the filing of a timely action in the U.S. Court of Federal Claims.[2] See Quailes v. United States, 25 Cl.Ct. 659, 662 (1992) (noting a plaintiffs argument that his separation from service was improper because, among other things, the separation violated 10 U.S.C. § 1218); see also Barney v. United States, 57 Fed.Cl. 76, 79 (2003) (noting a plaintiffs argument that he was entitled to “disability retirement” pursuant to 10 U.S.C. § 1218 because he was wrongfully discharged from service). The Secretary is correct that this Court is not the proper forum for such a challenge. See Denton v. Schlesinger, 605 F.2d 484, 486-88 (9th Cir.1979) (holding that the U.S. Court of Claims was the proper forum for a suit by junior officers in the Navy and Marine Corps who sought money damages and injunctive relief for their allegedly wrongful discharges); see also Secretary’s Br. at 13-14. In our view, 10 U.S.C. § 1218 imposes no obligation upon the Secretary of Veterans Affairs and fails to provide for any remedy in the veterans-benefits context.[3]
Because we hold that 10 U.S.C. § 1218 is inapplicable in this context, it follows that Mr. McGee’s argument that that statute coupled with the benefit of the doubt doctrine “mandates that the VA find ... that [he] signed an application for benefits” is without merit. Appellant’s Br. at 6. *476 Moreover, even were we to assume for argument’s sake that 10 U.S.C. § 1218 does apply here, Mr. McGee’s argument would remain unavailing. That is so because the statute itself does not require the filing of a claim for VA benefits. Instead, the statute merely provides that a servicemember “may not be discharged or released from active duty because of physical disability” unless one of the following four conditions has occurred: (1) The servicemember has “made a claim” for VA benefits; (2) the servicemember has “refused to make such a claim”; (3) the servicemember “has signed a statement that his right to make such a claim has been explained to him”; or (4) the servicemem-ber has “refus[ed] to sign such a statement.” 10 U.S.C. § 1218(a)(1), (2). Thus, assuming that Mr. McGee’s discharge conformed to the requirements of the statute, the scenario that Mr. McGee argues must be presumed to have occurred is but one of four possible conditions, only one of which must necessarily have occurred. In other words, the terms of the statute could have been satisfied without Mr. McGee having filed a claim for benefits with VA.[4]
Because Mr. McGee’s lone argument— that the terms of 10 U.S.C. § 1218 compel a conclusion that he filed a claim for VA benefits prior to Ms discharge from active duty in 1970 — is without merit, we cannot conclude that the Board erred in determining that “there is no evidence of VA receipt of a written claim, formal or informal, for service connection for sarcoidosis ... until April 15, 1999,” and assigning that date as the effective date for his award of service connection for sarcoidosis. R. at 4; see Gilbert, 1 Vet.App. at 52.
III. CONCLUSION
On consideration of the foregoing, the February 12, 2004, Board decision is AFFIRMED.

. The statute has remained unchanged substantively since Mr. McGee's separation from service in 1970.

. The U.S. Court of Federal Claims was called the U.S. Court of Claims before its name was changed in 1992.

. We have considered the applicability of the Federal Circuit’s decision in Bates v. Nicholson, 398 F.3d 1355 (Fed.Cir.2005), and find it to be inapposite here. Bates concerned a legal interpretation of 38 U.S.C. § 511(a) and 38 U.S.C. § 7104(a) for the purpose of determining the Board’s jurisdiction, whereas this case concerns only the Board's compliance, or lack thereof, with the last sentence in 38 U.S.C. § 7104(a), which requires that "[d]eci-sions of the Board ... be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.” That distinction is far from superficial, as the questions at issue in both cases are very different. Bates involved a determination as to whether the Board possesses jurisdiction over an attorney's challenge to the termination by the Secretary of the attorney’s accreditation to represent claimants before VA. 398 F.3d at 1358-59. This case involves a determination as to whether the Board complied with its statutory obligation in light of its failure to consider a particular law not found within title 38 of the U.S.Code.

. Our dissenting colleague believes that "[i]n a case where a claimant who has been discharged from the military because of a physical disability alleges that he filed an application for VA benefits prior to his discharge, and there is no evidence of such an application, 10 U.S.C. § 1218 is relevant.” Post at 479. Although, as explained above, we disagree with that legal conclusion, even assuming for argument’s sake that it is correct, Mr. McGee has not asserted that he actually filed a claim for VA benefits before he was removed from the temporary disability retired list in 1976. In fact, at a Board hearing in September 2003 he asserted that he was not advised before his removal from the temporary disability retired list that he could file a claim for VA benefits. See R. at 281 ("When I left out, they didn’t tell me what to do.”). Specifically, when asked whether he had "come into contact with anyone who could have advised [him] of a need to file a claim for compensation benefits,” he replied "I didn’t come into contact with anybody.” R. at 281. When asked whether he was "briefed ... as to the necessity to file a claim with [VA],” he responded ”[n]o way.” R. at 284. Before the Court, his argument does not contradict his testimony before the Board — his current argument, as we understand it, is that even if he failed to file an actual claim, the law creates a presumption that he did. See Appellant’s Br. at 3. Moreover, even if Mr. McGee’s argument were that he actually filed a claim prior to leaving service, success on that argument would depend on factual determinations and not on the application of 10 U.S.C. § 1218.