# United States Court of Appeals for the Federal Circuit

2007-7071


ROBERT L. MCGEE,

Claimant-Appellant,


v.


JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.


Barbara J. Cook, of Cincinnati, Ohio, argued for claimant-appellant.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2007-7071

ROBERT L. MCGEE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0468, Judge Lawrence B. Hagel.

_____

DECIDED: January 8, 2008

_____

Before MAYER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> GAJARSA. Opinion concurring in the result filed by <u>Senior Circuit Judge</u> FRIEDMAN.

GAJARSA, <u>Circuit Judge</u>.

Robert L. McGee ("McGee") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the ruling of the Board of Veterans' Appeals ("Board") that under 38 U.S.C. § 5110(a), McGee is not entitled to an effective date of service connection earlier than April 15, 1999. <u>McGee v. Nicholson</u>, 20 Vet. App. 472 (2006). The issue before the Court is one of statutory interpretation,

namely, whether the Veterans Court correctly determined that 10 U.S.C. § 1218 is not an "applicable law" within the meaning of 38 U.S.C. § 7104(a). Because we conclude that the Veterans Court erred in its interpretation of § 7104(a), we reverse and remand for further proceedings.

## I. BACKGROUND

McGee is a Vietnam veteran who served on active duty in the U.S. Marine Corps from May 1968 until September 1970. While on active duty, he was diagnosed with severe sarcoidosis (a lung disorder), and in August 1970, a physical evaluation board found him unfit for duty and rated his disability at thirty percent. In September 1970, he was released from active duty and placed on the temporary disability retired list.[1] McGee testified before the Board that his temporary retirement benefits ceased in 1976, at which time he was not advised of a need to file a formal claim with the Department of Veterans Affairs ("VA") to obtain service connection for his disability.

On April 15, 1999, McGee wrote a letter to a VA regional office ("RO") asserting that his lung disorder had been determined to be service connected and that he had been discharged with a thirty percent disability rating. Although his lungs were still bothering him, his benefits had ceased. In February 2001, the RO awarded him service connection for sarcoidosis and assigned a disability rating of thirty percent, effective July 17, 2000. McGee's claim went through several appeals within the RO, and the RO ultimately awarded him service connection with a one hundred percent disability rating,

---

[1] Placement on the temporary disability retired list allows a veteran to collect retirement benefits, subject to medical review of the disability every eighteen months. See 10 U.S.C. §§ 1202, 1210.

effective April 15, 1999. McGee appealed the decision of the RO to the Board on the ground that he was entitled to an effective date earlier than April 15, 1999.

The Board found that there was no evidence in the record that the VA had received a written claim from McGee for service connection for sarcoidosis prior to April 15, 1999 and thus denied his request for an earlier effective date. See 38 U.S.C. § 5110(a) (stating that subject to certain exceptions not at issue here, the date on which a claim is received is the earliest date for which service connection can be granted). As part of its decision, the Board stated:

> The file shows that by correspondence, rating decisions, and the statement of the case, the RO has informed the veteran of the evidence necessary to substantiate his claim. Pertinent records are on file. The law, not the evidence, governs the outcome of this case. The Board finds that the notice and duty to assist provisions of the law are met. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159.

(emphasis added). McGee appealed the Board's ruling to the Veterans Court. McGee, 20 Vet. App. at 472.

On appeal to the Veterans Court, McGee argued that the Board erroneously issued its decision on a less than fully developed record because it failed to consider all applicable provisions of law as required by 38 U.S.C. § 7104. Section 7104(a) states: "Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law." McGee argued that 10 U.S.C. § 1218 is an applicable provision of law that the Board was required to consider before it reached its decision. See McGee, 20 Vet. App. at 474. Section 1218 states:

> A member of an armed force may not be discharged or released from active duty because of physical disability until he—(1) has made a claim for compensation, pension, or

hospitalization, to be filed with the Department of Veterans Affairs, or has refused to make such a claim; or (2) has signed a statement that his right to make such a claim has been explained to him, or has refused to sign such a statement.

10 U.S.C. § 1218(a).[2] The Veterans Court rejected McGee's argument and held that the Board was not required to consider 10 U.S.C. § 1218 because "[it] is not an applicable provision of law within the meaning of 38 U.S.C. § 7104(a)." McGee, 20 Vet. App. at 475. The Veterans Court described its decision as "a determination as to whether the Board complied with its statutory obligation in light of its failure to consider a particular law not found within title 38 of the U.S. Code." Id. at 475 n.3. It further reasoned that "§ 1218 imposes no obligation upon the Secretary of Veterans Affairs and fails to provide for any remedy in the veterans-benefits context." Id. at 475. McGee timely appealed to this Court.

## II. DISCUSSION

A.    Standard of Review

The jurisdiction of this court to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292; Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under § 7292(c), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation, or any interpretation thereof" by the Veterans Court. See also Forshey, 284 F.3d at 1338. Constitutional and statutory interpretations by the Veterans Court are reviewed de novo. Santana-Venegas v. Principi, 314 F.3d 1293, 1296 (Fed. Cir. 2002). This court is limited by its jurisdictional statute and, absent a constitutional issue, may not review challenges to factual

---

[2]    Section 1218 remains essentially unchanged since McGee's discharge in 1970.

determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2). Because McGee challenges the Veterans Court's interpretation of a statute, we have jurisdiction pursuant to 38 U.S.C. § 7292(c).

B.      Analysis

McGee submits that the Veterans Court upheld the Board's decision under an erroneous interpretation of "applicable" as used in 38 U.S.C. § 7104(a). He argues that the plain meaning of "applicable" is "relevant." Because 10 U.S.C. § 1218 indicates that McGee's service personnel file may contain evidence that tends to establish or disprove his claim to an earlier service connection date, he submits that § 1218 is relevant to his claim and thus an applicable law that the Board is required to consider. Rather than dispute the appropriate interpretation of "applicable," the Secretary characterizes McGee's appeal as a challenge under 38 U.S.C. § 7104(d)(1) to the Board's failure to discuss § 1218 in its decision.[3]   At oral argument, the Secretary further posited that § 1218 is not relevant because its terms do not require the Marine Corps to maintain records that would be sufficient to prove McGee's claim.

When a statute is at issue, we begin with the statutory language. Williams v. Taylor, 529 U.S. 420, 431 (2000) ("Statutory interpretation begins with the language of the statute."); Myore v. Nicholson, 489 F.3d 1207, 1211 (Fed. Cir. 2007). The statute's plain meaning is derived from its text and its structure. Alexander v. Sandoval, 532 U.S. 275, 288 (2001); Norfolk Dredging Co. v. United States, 375 F.3d 1106, 1110 (Fed. Cir.

---

[3]      Section 7104(d)(1) requires that the decision of the Board include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." Although the Secretary notes that the Board is not required to discuss immaterial issues of fact and law, we disagree with the Secretary's characterization of the issue presented on appeal.

2004). "If the statutory language is clear and unambiguous, the inquiry ends with the plain meaning." Myore, 489 F.3d at 1211. Moreover when a statute is ambiguous, "interpretive doubt is to be resolved in the veteran's favor." Brown v. Gardner, 513 U.S. 115, 118 (1994); Padgett v. Nicholson, 473 F.3d 1364, 1368 (Fed. Cir. 2007).

The plain meaning of "applicable" begins with its "ordinary, contemporary, common meaning." Williams v. Taylor, 529 U.S. 420, 431 (2000). This ordinary meaning may be properly informed by the use of dictionaries. See United States v. Rogers, 466 U.S. 475, 479 (1984) (using dictionary to assess "natural, nontechnical reading of the statutory language"); Telecare Corp. v. Leavitt, 409 F.3d 1345, 1353 (Fed. Cir. 2005) ("[T]he plain meaning of a statute is to be ascertained using standard dictionaries in effect at the time of the statute's enactment."). The adjective "applicable," defined in part as "capable of being applied; having reference," derives from the verb "apply." 1 Oxford English Dictionary 575 (2d ed. 1998). The primary definition of "apply" is "to put a thing into practical context with another." 1 Oxford English Dictionary 576. According to these definitions, the ordinary, contemporary, common meaning of "applicable provision of law" is a provision that has reference to, or places something into practical context with, the Board's decision. Thus, rather than require a specific legal result, such as the imposition of an obligation on the Secretary or the creation of a remedy for a veteran claimant, a provision of law is applicable to the Board's decision if its terms have some practical relevance to that decision.

We must also examine and consider the statutory framework within which the Board makes its decision. Consistent with the dictionary definitions, this framework clarifies that a provision of law applies to the Board's decision if it is relevant to the

2007-7071                                                     6

decision. The Board adjudicates a claim for veterans benefits within a compensation system that is "uniquely pro-claimant." Hensley v. West, 212 F.3d 1255, 1262 (Fed. Cir. 2000). This statutory system imposes on the Board an obligation to "fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits." H.R. Rep. No. 100-963 at 13, reprinted in 1988 U.S.C.C.A.N. 5782, 5795 (discussing Veteran's Judicial Review Act, Pub. L. No. 100-687, §§ 103(a), 203(a), 102 Stat. 4105, 4106, 4110–11 (1988)). Moreover, the Veteran's Judicial Review Act imposes a statutory duty to assist a veteran with the development of facts pertinent to the veteran's benefit claim.[4] See § 103(a), 102 Stat. at 4106 (codified as amended at 38 U.S.C. § 5107(a)) ("The Administrator shall assist such a claimant in developing the facts pertinent to his or her claim."); Cook v. Principi, 318 F.3d 1334, 1337–38 n.4 (Fed. Cir. 2002) (en banc). The Veteran's Judicial Review Act also imposes a statutory obligation on the Board to "provide the claimant with a full opportunity to participate in the development of the record so that all relevant issues would be considered by the [Board] prior to any judicial review." S. Rep. No. 100-418, at 38 (1988); see also § 203(a), 102 Stat. at 4110–11 ("Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.") (current version at 38 U.S.C. § 7104(a)). Taken together, the passage of Veteran's Judicial Review Act §§ 103(a) and 203(a) create a statutory context in which the VA is required to assist the veteran claimant with fully developing a record before making a decision on the veteran's claim. This fully developed record then forms the basis of a Board decision.

---

[4] The agency had previously adopted the duty to assist by regulation. See 38 C.F.R. § 3.103(a) (1987).

Congress further defined the VA's obligation to fully develop the record with the passage of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2097 (2000). Now codified at 38 U.S.C. § 5103A, the duty to assist requires the VA to "make reasonable efforts to obtain <u>relevant</u> records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain." § 5103A(b)(1) (emphasis added). Furthermore, in claims for disability compensation, Congress requires the VA to obtain "[t]he claimant's service medical records and, if the claimant has furnished the Secretary information sufficient to locate such records, other <u>relevant</u> records pertaining to the claimant's active military, naval, or air service that are held or maintained by a governmental entity." 38 U.S.C. § 5103A(c)(1) (emphasis added). Congress has explicitly defined the VA's duty to assist a veteran with the factual development of a benefit claim in terms of relevance. This statutory context makes clear that the appropriate definition of "applicable" is "relevant."[5]

Accordingly, § 7104(a) requires the Board to base its decisions on, inter alia, relevant provisions of law. With respect to McGee's claim, 10 U.S.C. § 1218 is relevant because it obligated the Marine Corps to ensure that McGee "(1) ha[d] made a claim for compensation, pension, or hospitalization, to be filed with the Department of Veterans Affairs, or ha[d] refused to make such a claim; or (2) ha[d] signed a statement that his right to make such a claim ha[d] been explained to him, or ha[d] refused to sign such a statement." McGee argues, and we agree, that § 1218 is relevant because it indicates

---

[5]     It should be noted that the concurrence and the majority do not disagree as to the statutory interpretation of the term "applicable" making the records relevant, but only as to the degree of discretion allowed the Board, which is not the issue before the court.

that his service personnel file may contain documentation of whether the Marine Corps satisfied § 1218's requirements. If § 1218 had been complied with, McGee's service personnel records would likely contain documentary evidence that may show whether McGee filed a claim for benefits prior to discharge. Accordingly, the Board could not properly assess whether "pertinent records [were] on file" without considering any records developed pursuant to § 1218.

In reaching this conclusion, we do not ignore the possibility that McGee's service personnel records might not support his claim for an earlier service-connection date. However, § 1218 is not applicable to McGee's claim because it is dispositive; it is applicable because it is relevant. Indeed, where relevant records are sought from a Federal department or agency, "the efforts to obtain those records shall continue until the records are obtained unless it is reasonably certain that such records do not exist or that further efforts to obtain those records would be futile." 38 U.S.C. § 5103A(b)(3). The statute simply does not excuse the VA's obligation to fully develop the facts of McGee's claim based on speculation as to the dispositive nature of relevant records.

## III. CONCLUSION

Because the Veterans Court erroneously interpreted "applicable" as used in 38 U.S.C. § 7104(a), the decision of the Veterans Court is reversed, and McGee's claim for a service connection date earlier than April 15, 1999 is remanded for consideration of 10 U.S.C. § 1218.

## REVERSED and REMANDED

## IV. COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

2007-7071

ROBERT L. MCGEE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0468, Judge Lawrence B. Hagel.

FRIEDMAN, Senior Circuit Judge, concurring in the result.

I see this case somewhat differently than the court does, although I agree with the court's reversal of the judgment of the Court of Appeals for Veterans Claims ("Veterans Court") and remand for further proceedings.

A.   Under 38 U.S.C. § 7104(a), decisions of the Board of Veterans Appeals ("Board") "shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law . . . ."  The court views the critical issue in this appeal as the meaning of "applicable" in that provision.  I, however, focus on the phrase "upon consideration of," which I believe has the same meaning and effect as "consider."

We have recognized that a statute requiring a government official to "consider" certain factors "impl[ies] wide areas of judgment and therefore of discretion."  Carolina Tobacco Co. v. Bureau of Customs and Border Prot., 402 F.3d 1345, 1350 (Fed. Cir.

2005) (citing <u>Sec'y of Agric. v. Cent. Roig Refining Co.</u>, 338 U.S. 604, 611-14 (1950)). In <u>Carolina Tobacco</u>, we added that "[i]n considering the factors, the port director may give them whatever weight he deems appropriate; he may conclude that particular factors should be given no weight whatsoever." <u>Id.</u>; <u>cf.</u> <u>Brehmer v. Fed. Aviation Admin.</u>, 294 F.3d 1344, 1348 (Fed. Cir. 2002) (holding that the administration "complied" with a provision of the collective bargaining agreement requiring it to give "consideration" to non-disciplinary measures in certain circumstances when "[i]t 'considered' the possibility of additional training, but concluded that, in light of the failure of the prior retraining to improve Brehmer's performance, additional retraining would be ineffective").

Indeed, in <u>Central Roig</u> the Supreme Court held that the Secretary of Agriculture had complied with the statutory requirement that in allocating sugar quotas he "tak[e] into consideration" three factors when, in making the allocations after considering those factors, he concluded that one of them "could not fairly be applied" and "g[a]ve no weight to this factor." 338 U.S. at 609. The Court explained: "[T]he Secretary may conclude, after due consideration, that in the particular situation before him it is not essential that each of the three factors be quantitatively reflected in the final allotment formula." <u>Id.</u> at 613.

The application of this principle of statutory interpretation is particularly appropriate here because the second sub-paragraph following § 7104(a) provides:

> The Board shall be bound in its decisions by the regulations of the Department, instructions of the Secretary, and the precedent opinions of the chief legal officer of the Department.

38 U.S.C. § 7104(c).

Thus, when Congress wanted to require the Board to apply and follow particular directives, it knew precisely how so to provide. When it stated in § 7104(a) that the Board's decisions should "be based . . . upon consideration" of "applicable provisions of law and regulations," it implicitly recognized that "[t]he evaluation of and weight to be given to the various" applicable provisions of law and regulations are "judgment calls that rest primarily within the discretion of the Board." Hannon v. Dep't of Justice, 234 F.3d 674, 681 (Fed. Cir. 2000).

B.  In its decision affirming the regional office's denial of an earlier effective date for McGee's benefits the Board did not consider or even mention 10 U.S.C. § 1218. Instead, it held that "[a] review of the claims folder reveals the first claim, formal or informal, seeking service connection for sarcoidosis was the veteran's letter received by the RO on April 15, 1999, many years after service," and that "there is no entitlement to an earlier effective date for an award of service connection." In affirming the Board's decision, the Veterans Court "conclude[d] that 10 U.S.C. § 1218 is not an applicable provision of law within the meaning of 38 U.S.C. § 7104(a) and that, as a consequence, the Board did not err in failing to consider that provision of law." McGee v. Nicholson, 20 Vet. App. 472, 475 (Ct. Vet. App. Oct. 13, 2006).

I do not disagree with the court's holding that the Veterans Court misinterpreted "applicable" in § 7104(a) and that a remand to that court therefore is necessary. I write separately because the court seemingly suggests that in "considering" § 1218, the Board is required to follow and apply it, i.e., to review the pertinent file to determine whether "any records [were] developed pursuant to § 1218." I would leave it to the Board's discretion to give whatever "consideration" it deems appropriate to the

2007-7071                                                    3

application and operation of § 1218 in determining whether McGee filed an application for veterans benefits at the time of his discharge from active duty, as discussed in part A of this opinion.