FRIEDMAN, Senior Circuit Judge,
concurring in the result.
I see this case somewhat differently than the court does, although I agree with the court’s reversal of the judgment of the Court of Appeals for Veterans Claims (“Veterans Court”) and remand for further proceedings.
A. Under 38 U.S.C. § 7104(a), decisions of the Board of Veterans Appeals (“Board”) “shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law....” The court views the critical issue in this appeal as the meaning of “applicable” in that provision. I, however, focus on the phrase “upon consideration of,” which I believe has the same meaning and effect as “consider.”
We have recognized that a statute requiring a government official to “consider” certain factors “implfies] wide areas of judgment and therefore of discretion.” *1359 Carolina Tobacco Co. v. Bureau of Customs and Border Prot., 402 F.3d 1345, 1350 (Fed.Cir.2005) (citing Sec’y of Agric. v. Cent. Roig Refining Co., 338 U.S. 604, 611-14, 70 S.Ct. 403, 94 L.Ed. 381 (1950)). In Carolina Tobacco, we added that “[i]n considering the factors, the port director may give them whatever weight he deems appropriate; he may conclude that particular factors should be given no weight whatsoever.” Id.; cf. Brehmer v. Fed. Aviation Admin., 294 F.3d 1344, 1348 (Fed.Cir.2002) (holding that the administration “complied” with a provision of the collective bargaining agreement requiring it to give “consideration” to non-disciplinary measures in certain circumstances when “[i]t ‘considered’ the possibility of additional training, but concluded that, in light of the failure of the prior retraining to improve Brehmer’s performance, additional retraining would be ineffective”).
Indeed, in Central Roig the Supreme Court held that the Secretary of Agriculture had complied with the statutory requirement that in allocating sugar quotas he “tak[e] into consideration” three factors when, in making the allocations after considering those factors, he concluded that one of them “could not fairly be applied” and “g[a]ve no weight to this factor.” 338 U.S. at 609, 70 S.Ct. 403. The Court explained: “[T]he Secretary may conclude, after due consideration, that in the particular situation before him it is not essential that each of the three factors be quantitatively reflected in the final allotment formula.” Id. at 613, 70 S.Ct. 403.
The application of this principle of statutory interpretation is particularly appropriate here because the second sub-paragraph following § 7104(a) provides:
The Board shall be bound in its decisions by the regulations of the Department, instructions of the Secretary, and the precedent opinions of the chief legal officer of the Department.
38 U.S.C. § 7104(c).
Thus, when Congress wanted to require the Board to apply and follow particular directives, it knew precisely how so to provide. When it stated in § 7104(a) that the Board’s decisions should “be based ... upon consideration” of “applicable provisions of law and regulations,” it implicitly recognized that “[t]he evaluation of and weight to be given to the various” applicable provisions of law and regulations are “judgment calls that rest primarily within the discretion of the Board.” Hannon v. Dep’t of Justice, 234 F.3d 674, 681 (Fed.Cir.2000).
B. In its decision affirming the regional office’s denial of an earlier effective date for McGee’s benefits the Board did not consider or even mention 10 U.S.C. § 1218. Instead, it held that “[a] review of the claims folder reveals the first claim, formal or informal, seeking service connection for sarcoidosis was the veteran’s letter received by the RO on April 15, 1999, many years after service,” and that “there is no entitlement to an earlier effective date for an award of service connection.” In affirming the Board’s decision, the Veterans Court “conclude[d] that 10 U.S.C. § 1218 is not an applicable provision of law within the meaning of 38 U.S.C. § 7104(a) and that, as a consequence, the Board did not err in failing to consider that provision of law.” McGee v. Nicholson, 20 Vet.App. 472, 475 (2006).
I do not disagree with the court’s holding that the Veterans Court misinterpreted “applicable” in § 7104(a) and that a remand to that court therefore is necessary. I write separately because the court seemingly suggests that in “considering” § 1218, the Board is required to follow and apply it, i.e., to review the pertinent file to determine whether “any records [were] de *1360 veloped pursuant to § 1218.” I would leave it to the Board’s discretion to give whatever “consideration” it deems appropriate to the application and operation of § 1218 in determining whether McGee filed an application for veterans benefits at the time of his discharge from active duty, as discussed in part A of this opinion.