NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7147

MARLIN R. SHACKLEFORD,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7147

MARLIN R. SHACKLEFORD,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2530, Judge Bruce E. Kasold.

_____

DECIDED: May 6, 2009

_____

Before SCHALL, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM.

Marlin R. Shackleford appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), Shackleford v. Peake, No. 06-2530 (Vet. App. June 17, 2008), affirming the decision of the Board of Veterans' Appeals ("Board") that denied Mr. Shackleford a disability rating higher than 20 percent for his service-connected right ankle injury. Because the Veterans Court correctly interpreted 38 C.F.R. § 20.201, we affirm.

BACKGROUND

Mr. Shackleford served on active duty from 1960 to 1964. In October 2000, he filed a claim for service-connected compensation for an in-service right ankle injury. The Veterans Affairs Regional Office ("RO") denied the claim in a rating decision dated April 2001, and Mr. Shackleford timely filed a Notice of Disagreement ("NOD"), specifically referencing the RO's letter of denial. Following procedure, Mr. Shackleford filed an appeal to the Board. In June 2002, the Board granted a 10 percent disability rating.

Mr. Shackleford submitted a Statement in Support of Claim to the RO in May 2003, requesting a higher rating. In its entirety, the statement reads as follows: "I am seeking an increase in my S/C [service-connected] Rt. Ankle – and adjunct low back cond[ition] due to change of gait due to S/C ankle. And arthritis due to fractured ankle." Treating the May 2003 statement as a new claim, the RO issued a rating decision increasing Mr. Shackleford's rating to 20 percent for the ankle injury, effective May 2003, but denied service connection for the lower back condition.

In June 2004, Mr. Shackleford filed a NOD to the RO's rating for both (1) his lower back; and (2) his fractured right ankle with arthritis. However, in his appeal to the Board, he did not contest the denial of service connection for his lower back condition, but instead merely "disagree[d] with the decision of being kept [at] 20 [percent] for [his] right ankle condition in accordance with the rating table." The Board determined that Mr. Shackleford had abandoned his lower back claim and affirmed the denial of a rating greater than 20 percent for Mr. Shackleford's ankle injury.

Mr. Shackleford appealed the Board's decision to the Veterans Court, arguing that the May 2003 statement was intended to be a NOD to the 10 percent disability rating, not a new claim for an increased rating, and thus that the Board erred by not considering a higher disability rating for the period from October 2000 to May 2003.[1] The Veterans Court rejected Mr. Shackleford's argument, and held that the May 2003 statement could not be characterized as a NOD to the earlier rating decision, but instead was clearly a claim for an increased disability rating. Shackleford, slip op. at 3. Specifically, the May 2003 statement "[failed] to mention the [10 percent disability rating] or to note any disagreement with [the rating], the basic requirements of an NOD." Id. Therefore, because Mr. Shackleford had not submitted a timely NOD to the 10 percent disability rating, that decision was final, the Veterans Court did not reach the earlier 10 percent rating. Id. Mr. Shackleford then timely filed this appeal.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1). Further, absent

---

[1] Mr. Shackleford did not appeal the decision of the Board that he is not entitled to a disability rating greater than 20 percent, effective May 23, 2003.

a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2); see also McGee v. Peake, 511 F.3d 1352, 1355 (Fed. Cir. 2008).

As an initial matter, the VA argues that we lack jurisdiction over this appeal under 38 U.S.C. § 7292(d)(2), because Mr. Shackleford is merely challenging the Veterans Court's application of law to fact. We disagree. Although a majority of Mr. Shackleford's argument is devoted to the application of the regulation to the facts of the case, which is beyond the scope of our review, there is a question of regulatory interpretation that confers jurisdiction upon this court. See 38 U.S.C. § 7292.

Specifically, Mr. Shackleford argues that the Veterans Court misinterpreted 38 C.F.R. § 20.201 by requiring that his May 2003 statement must have expressed disagreement with the VA's determination to qualify as a NOD. We disagree.

Section 20.201 provides:

A written communication . . . expressing dissatisfaction or disagreement with an adjudicative determination . . . and a desire to contest the result will constitute [a NOD]. While special wording is not required, the [NOD] must be in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review.

38 C.F.R. § 20.201. We have held that in order for a NOD to be valid, it "must have indicated a disagreement with a specific determination." Andre v. Principi, 301 F.3d 1354, 1360 (Fed. Cir. 2002) (quoting Ledford v. West, 136 F.3d 776, 780 (Fed. Cir. 1998)). The Veterans Court, therefore, faithfully followed our guidance provided in Andre and Ledford, and correctly interpreted section 20.201.

Accordingly, the decision of the Veterans Court is affirmed.

No costs.