NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7045

WALTER W. GREENE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Walter W. Greene, of Federalsburg, Maryland, pro se.

Lauren A. Weeman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7045

WALTER W. GREENE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0821, Judge William A. Moorman.

_____

DECIDED: June 4, 2009

_____

Before MAYER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Walter W. Greene appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), Greene v. Peake, No. 07-0821 (Vet. App. Sept. 30, 2008), affirming the denial of service connection for bilateral hearing loss. Because Mr. Greene seeks review of the Veterans Court's factual determinations, we dismiss for lack of jurisdiction.

BACKGROUND

Mr. Greene served on active duty in the U.S. Army from October 1955 to October 1958 and from November 1958 to January 1964. During his service, he never complained of problems with his hearing. In 1974, Mr. Greene required surgery for removal of a brain tumor. In July 2002, he filed a claim for service connection for hearing loss. The regional office ("RO") of the Department of Veterans Affairs ("VA") denied the claim, finding that Mr. Greene failed to establish a connection between his service and his hearing loss. The RO based its determination on Mr. Greene's statement to a physician that the hearing loss began suddenly after the surgery.

Mr. Greene appealed the RO's decision to the Board of Veterans' Appeals ("Board"). The Board found most persuasive the medical evidence showing that his hearing loss was unrelated to his military service. Although one examiner opined that Mr. Greene's hearing loss was service-connected, she admitted that she did not have access to Mr. Greene's service medical records ("SMRs"), and thus could not provide a more definitive opinion. In contrast, another examiner, who had access to Mr. Greene's SMRs, concluded that his hearing loss was unrelated to his military service. Additionally, Mr. Greene testified before the Board that he was exposed to loud noise during service. The Board found persuasive the opinion of the examiner who had access the SMRs, and held that there was no persuasive evidence that Mr. Greene's hearing loss was related to his service. Therefore, the Board denied Mr. Greene's claim.

Mr. Greene appealed to the Veterans Court, arguing that the Board's decision was clearly erroneous. The Veterans Court found that the Board had properly

considered all evidence of record, and that the Board's decision was not clearly erroneous. Mr. Greene timely filed this appeal.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1). Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2); see also McGee v. Peake, 511 F.3d 1352, 1355 (Fed. Cir. 2008).

The VA argues that we lack jurisdiction over this appeal under 38 U.S.C. § 7292(d)(2) because Mr. Greene is seeking review of the Veterans Court's factual determinations. We agree.

In the absence of a constitutional issue, this court lacks jurisdiction to review the Veterans Court's factual determinations. See 38 U.S.C. § 7292(d)(2); Livingston v. Derwinski, 959 F.2d 224, 226 (Fed. Cir. 1992) (holding that this court lacks jurisdiction if the claimant is not challenging the validity or interpretation of a statute or regulation, or the Board's interpretation of a constitutional issue). Here, Mr. Greene concedes that he

is arguing neither a constitutional issue nor the Veterans Court's interpretation of a statute or regulation. Instead, he argues that the Veterans Court erroneously concluded that his hearing loss was due to his surgery, and that the opinion of the examiner who had the SMRs was based on an erroneous understanding of Mr. Greene's employment subsequent to his military service. Mr. Greene further argues that the other examiner's opinion should have been given more weight. These arguments invite us to review the factual determinations upon which the Veterans Court relied. Therefore, we lack jurisdiction over this appeal.

Accordingly, this appeal is dismissed for lack of jurisdiction.

No costs.