NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7106

LARRY E. COLE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Darla J. Lilley, Attorney at Law, of Hughes Springs, Texas, for claimant-appellant.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7106

LARRY E. COLE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1431, Judge William A. Moorman.

---

DECIDED: February 5, 2009

---

Before MAYER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Larry E. Cole appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which affirmed the January 19, 2006 decision of the Board of Veterans' Appeals ("Board") that denied his claim for service connection for hypertension, secondary to his service-connected post-traumatic stress disorder ("PTSD"). Cole v. Peake, No. 06-1431, 2008 WL 852634 (Vet. App. Mar. 10, 2008). We dismiss for lack of jurisdiction.

DISCUSSION

I.

Mr. Cole served on active duty in the U.S. Army from October 1967 to September 1969. In September 1997, the Board granted Mr. Cole service-connected benefits for PTSD. In February 2004, Mr. Cole filed a claim for service connection for hypertension, secondary to his service-connected PTSD. In support of his claim, he submitted several Internet articles and excerpts from medical treatises, generally discussing the relationship between PTSD and the development of heart problems. In June 2004, the Department of Veterans Affairs' ("VA") regional office ("RO") denied his claim and Mr. Cole subsequently appealed to the Board.

In December 2004, at the request of the Board, a VA medical examiner reviewed Mr. Cole's entire claims file, which spanned two volumes and included his medical records and the articles he had submitted. In due course, the examiner concluded that Mr. Cole's "hypertension [was] essential in etiology"—meaning that "stress and other psychiatric disorders [were] not the cause of" his hypertension. In January 2006, the Board denied Mr. Cole's claim. Cole v. Peake, No. 00-11 394 (Bd. Vet. App. Jan. 19, 2006). Specifically, the Board found significant the VA medical examiner's opinion, which included a thorough review of the claims file and the medical literature about the relationship between PTSD and hypertension. In contrast, the Board found the articles Mr. Cole submitted to be of little probative value because they did not address his own specific medical history. Rather, the articles generally discussed the possibility of a relationship between heart and psychiatric disabilities. Moreover, the Board noted that "none of the doctors who have seen or treated [him] for either hypertension or PTSD

2008-7106                                    2

have opined or insinuated that there is some type of relationship between the two disorders." Id., slip op. at 20.

Mr. Cole appealed the Board's decision to the Veterans Court, arguing that the Board erred by not ensuring that the VA complied with the duty to assist, 38 U.S.C. § 5103A (2000).[1] Specifically, he contended that the VA medical examiner's opinion was inadequate under § 5103A and, thus, because the Board relied on that medical opinion, it erred in denying his claim. On March 10, 2008, the Veterans Court affirmed the Board's decision. The Veterans Court ruled that, because the VA medical examiner's opinion contained a comprehensive review of Mr. Cole's medical history as well as the relevant medical literature, it was adequate for ratings purposes and therefore the Board did not err in relying on it. The Veterans Court also noted that the

---

[1] Pertinent to this appeal, § 5103A(d) provides:

Medical examinations for compensation claims.—(1) In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.

(2) The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—

(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and

(B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but

(C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

Board adequately explained why it found the 2004 VA medical examiner's opinion more probative than the articles submitted by Mr. Cole. In particular, according to the Veterans Court, the Board adequately explained that, because the general Internet and treatise material did not address Mr. Cole's own medical history and records, they were of limited probative value. This appeal followed.

II.

Our authority to review decisions of the Veterans Court is governed by statute. Pursuant to 38 U.S.C. § 7292(c) (2002), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [that] section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, "[e]xcept to the extent that an appeal under . . . chapter [72] presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

III.

Mr. Cole argues on appeal, as he did before the Veterans Court, that the 2004 VA medical examiner's opinion was conclusory and was not supported by "factual predicate in the record" or clinical data. Thus, Mr. Cole argues that, in denying his appeal, the Veterans Court interpreted § 5103A and erroneously held that the duty to assist could be satisfied by a conclusory medical opinion without factual support in the record.

Because Mr. Cole challenges a factual determination, or at most the application of law to the facts, we hold that we lack jurisdiction over his appeal. 38 U.S.C.

§ 7292(d)(2). Mr. Cole attempts to frame the issue on appeal as involving either a legal determination or a statutory interpretation. However, the Veterans Court did not interpret § 5103A or hold that the duty to assist could be satisfied merely by a conclusory medical opinion unsupported by record facts. Rather, the Veterans Court reviewed the facts supporting that the VA medical examiner's opinion and found that it was adequate for ratings purposes. Importantly, the Veterans Court considered that the VA examiner had comprehensively reviewed Mr. Cole's two-volume claims file, including his medical history, relevant medical literature, and even his submitted articles suggesting that there was service connection. It then explained why the Board properly found the medical opinion more probative than Mr. Cole's submitted Internet and treatise materials—namely, in contrast to the VA medical examiner's opinion, his submitted materials were not based on his own medical conditions or history. Thus, regardless of how Mr. Cole characterizes his claim, the Veterans Court's determinations plainly do not involve interpretation of § 5103A. Instead, Mr. Cole's contentions—that the VA medical examiner's opinion is "conclusory" and is "without a factual predicate"— clearly attack the factual sufficiency of the evidence relied upon in denying his service connection claim. The contentions therefore are outside of this court's jurisdiction. See 38 U.S.C. § 7292(d)(2); Emanaker v. Peake, No. 2008-7051, 2008 WL 5412465, *6 (Fed. Cir. Dec. 31, 2008); Waltzer v. Nicholson, 447 F.3d 1378, 1380 (Fed. Cir. 2006).

For the foregoing reasons, we must dismiss Mr. Cole's appeal for lack of jurisdiction.

No costs.

2008-7106                                           5