NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7072

LUZ VELEZ DE RAMOS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, argued for claimant-appellant.

Cameron Cohick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2009-7072

LUZ VELEZ DE RAMOS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0857,
Judge William A. Moorman.
_____

DECIDED: December 18, 2009
_____

Before MAYER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Luz Velez de Ramos, the spouse and court-appointed guardian of Luis A. de Ramos, seeks review of a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying service connection for her husband's acquired psychiatric disorder. See De Ramos v. Shinseki, No. 07-0857, 2009 U.S. App. Vet. Claims LEXIS 89 (Feb. 5, 2009). We dismiss for lack of jurisdiction.

Our authority to review a decision of the Veterans Court is limited by statute. See 38 U.S.C. § 7292. We may review such a decision only to the extent that it pertains to "the validity of any statute or regulation . . . or any interpretation thereof

(other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." Id. §§ 7292(a), 7292(c). Absent a constitutional issue, we do not have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2); see McGee v. Peake, 511 F.3d 1352, 1355 (Fed. Cir. 2008). Because de Ramos' appeal presents only challenges to factual determinations regarding whether her husband's psychiatric disorder was incurred in service, it falls outside the scope of our appellate authority.

No costs.