NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VERNON ELLIOTT, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7105

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2083, Judge Lawrence B. Hagel.

---

Decided: February 16, 2011

---

VIRGINIA A. GIRARD-BRADY, ABS Legal Advocates, P.A., Lawrence Kansas, argued for claimant-appellant.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR.,

Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and RACHAEL T. SHENKMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was KRISTIANA M. BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before GAJARSA, LINN, and MOORE, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

Vernon Elliott, Jr., seeks review of a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") holding that a Department of Veterans Affairs ("VA") medical opinion he received in 2007 was adequate. *See Elliott v. Shinseki*, No. 08-2083 (Vet. App. Mar. 1, 2010). Because his challenge is outside the scope of our jurisdiction, we *dismiss*.

Our authority to review a decision of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. Under section 7292(a), we may review such a decision only to the extent that it pertains to "the validity of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* §§ 7292(a), 7292(c). Absent a constitutional issue, we do not have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see McGee v. Peake*, 511 F.3d 1352, 1355 (Fed. Cir. 2008). Because Elliot's appeal only questions the application of established law to the facts of his case, it falls outside the scope of our appellate authority.

Mr. Elliott's arguments are very similar to those presented by his counsel in a case this court dismissed for lack of jurisdiction, *De Ramos v. Eric K. Shinseki*, 358 Fed. Appx. 167 (Fed. Cir. 2009) (non-precedential). The appellant in *De Ramos*, like Mr. Elliott, attempted to frame the issue as the Veterans Court's interpretation of 38 C.F.R. § 3.326 to allow VA reliance on an inadequate medical examination resulting in medical conclusions by a rating specialist. In this case, the Veterans Court did not purport to interpret 38 C.F.R. § 3.326. What Mr. Elliott characterizes as an interpretation of law is actually an unreviewable finding of fact. *See Cole v. Shinseki*, 309 Fed. Appx. 399, 2009 WL 260776, *2 (Fed. Cir. 2009) (non-precedential) (holding that this court lacked jurisdiction over a challenge to adequacy of medical examiner's opinion because it is a challenge to a factual determination of the Veterans Court or, at most, the application of law to facts).

Accordingly, we *dismiss* Elliot's appeal for lack of jurisdiction.

**DISMISSED**

No costs.